**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| OVIDIU CONSTANTIN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WELLS FARGO BANK, N.A., *et al.*, : <br> : <br> Defendants. : <br> : <br> : | CIVIL ACTION NO. <br> 2:13-CV-00155-RWS |

## **ORDER**

This case comes before the Court on Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [4]. After reviewing the record, the Court enters the following Order.

## **Background**

On or about April 29, 2008 Plaintiff Ovidiu Constantin obtained a mortgage loan in the amount of $417,000 in order to purchase real property located at 2703 Wild Flower Way, Hoschton, Georgia, 30548 ("Property"). (Compl., Dkt. [1-1] ¶¶ 8, 25.) Plaintiff secured the loan by executing a Promissory Note and Security Deed in favor of Peachtree Residential Mortgage,

AO 72A
(Rev.8/82)

LLC ("Peachtree").  (Id.)  In signing the Security Deed, Plaintiff conveyed the Property, along with the power of sale, to Peachtree and its successors and assigns. (See Security Deed, Dkt. [4-2] ("TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns . . . .")). On April 29, 2008, Peachtree assigned the Security Deed to Wells Fargo Bank, N.A. ("Wells Fargo"). (Dkt. [4-3].)

Plaintiff initiated this action against Defendants Wells Fargo and Mortgage Electronic Registration Systems, Inc. ("MERS") in Barrow County Superior Court on May 22, 2013. (Compl., Dkt. [1-1].) In the Complaint, Plaintiff requests: a declaratory judgment stating that Wells Fargo has no standing to foreclose; damages resulting from fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, and slander of title; quiet title to the Property; and relief based on alleged violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") (See generally Compl., Dkt. [1-1].)

Asserting federal question and supplemental jurisdiction, Defendants removed to this Court on July 15, 2013, pursuant to 28 U.S.C. §§ 1331, 1336, 1441, and 1446. (Dkt. [1].) Defendants filed a Motion to Dismiss on July 22,

2

2013, which is now before the Court. (Dkt. [4].) Plaintiff did not file a response to Defendants' motion, and therefore the motion is deemed unopposed. See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

### I. Improper Service

Defendants raise a defense of a lack of proper service of process. (Defs.' Br. in Supp. of Mot. to Dismiss [4-1] at 5.) Under Georgia law, a corporation must be personally served at the office of their registered agent or at the office of some other agent of the corporation. O.C.G.A. § 9-11-4. Here, Plaintiff has failed to provide evidence that Defendants were served with the Complaint. Normally, the Court must dismiss on this ground pursuant to Federal Rule of Civil Procedure 12(b)(4). However, because Defendants request dismissal of Plaintiff's Complaint "in its entirety," the Court will address the merits of Plaintiff's claims. (Defs.' Br. in Supp. of Mot. to Dismiss [4-1] at 5.)

### II. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

3

relief." This pleading standard does not require "detailed factual allegations," however, mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d at 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

4

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiffs' claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "Undisputed" means that the authenticity of the document is not challenged. Id.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v.

5

Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Therefore, even though this motion is unopposed due to Plaintiff's failure to file a response, see LR 7.1B, NDGa., given Plaintiff's *pro se* status and the Court's preference for resolving cases on the merits, the Court considers the allegations of the Complaint and reviews Defendants' motion on the merits.

### III. Analysis

#### A. Claims Related to Defendants' Alleged Lack of Standing to Foreclose

Plaintiff's claims of wrongful foreclosure, fraud in the inducement, intentional infliction of emotional distress, and slander of title are based on Plaintiff's theory that "the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest." (Compl., Dkt. [1-1] ¶ 35.) However, under Georgia law, a party in possession of the deed may foreclose even when that party does not also possess the note. You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013) ("[T]he deed holder possesses full authority to exercise the power of sale upon debtor's default, regardless of its status with respect to the note."). Here, Plaintiff executed the Security Deed with a power of sale provision in favor of Peachtree and its

6

AO 72A
(Rev.8/82)

successors and assigns. Peachtree then assigned the Security Deed to Wells Fargo. Thus, under Georgia law, Wells Fargo legally holds the Security Deed and may exercise its right to nonjudicial foreclosure under the Security Deed's terms.

Similarly, Plaintiff's other claims for fraud in the inducement and intentional infliction of emotional distress, both based on Defendants' purported lack of standing to foreclose, are also meritless.  Plaintiff's Complaint asserts that Defendants committed fraud in the inducement by "intentionally misrepresent[ing] . . . that Defendants were entitled to exercise the power of sale provision contained in the Security Deed" when Defendants were actually "not entitled to do so." (Compl., Dkt. [1-1] ¶ 62.) However, as stated above, under Georgia law Wells Fargo does have authority to exercise power of sale and thus made no fraudulent misrepresentation.[1]

Plaintiff also raises a claim for intentional infliction of emotional distress, which requires Plaintiff to show that (1) the conduct was intentional or reckless;

---

[1] Moreover, Plaintiff's claims for fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires Plaintiff to plead with particularity claims based on fraudulent behavior so that Defendants' good will and reputation are protected. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  Here, Plaintiff fails to plead his fraud claims with particularity.

7

(2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. <u>Farrior v. H.J. Russell & Co.</u>, 45 F. Supp. 2d 1358, 1363 (N.D. Ga. 1999). In the Complaint, Plaintiff asserts that Defendants' claim to the right to foreclose was extreme and outrageous conduct. (Compl., Dkt. [1-1] ¶ 73). But Wells Fargo in fact had standing to foreclose, and Plaintiff is further unable to show that Defendants committed any extreme or outrageous conduct that could give rise to a claim for intentional infliction of emotional distress.

     Plaintiff's final claim based on Defendants' lack of standing to foreclose is slander of title. In Georgia, a property owner may "bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues therefrom." O.C.G.A. § 51-9-11. Because Wells Fargo has standing to exercise its power of sale, and because Plaintiff has failed to adequately allege that Defendants made any particular libelous or slanderous statements that caused him harm, his slander of title claim is due to be dismissed.

AO 72A
(Rev.8/82)

B.     Fraudulent Concealment

Next, Plaintiff asserts that Defendants fraudulently concealed the "securitization" of the Security Deed. (Compl., Dkt. [1-1] ¶ 53). Essentially, Plaintiff contends that Defendants acted fraudulently by failing to disclose to Plaintiff that the Note and Security Deed could later be separately assigned to different entities.  (Id.)  Construing the Complaint liberally, the Court considers this a challenge to the assignment of the Security Deed.

This claim fails for two reasons.  First, the terms of the Security Deed plainly contemplated assignment because it granted the "property unto Lender and Lender's successors and assigns." (Dkt. [4-2].)  Second, assignment of a Security Deed constitutes a contract, and one who is not a party to nor an intended third-party beneficiary of a contract lacks standing to challenge it. See O.C.G.A. § 9-2-20(a); Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (finding that plaintiff could not support claim for wrongful foreclosure by challenging assignment of security deed, even if that assignment was somehow flawed, because she was not a party to the contract and lacked standing to challenge the assignment). Here, Plaintiff was not a party to the

9

assignment, nor was Plaintiff an intended third-party beneficiary of it, and thus Plaintiff has no standing to challenge any assignments of the Security Deed.

### C. Plaintiff's Claims Under TILA and RESPA

Plaintiff also alleges that Defendants violated TILA and RESPA. (Compl., Dkt. [1-1] ¶¶ 88-126). Defendants argue, as a threshold matter, that the "requisite statutes of limitation for TILA and RESPA violations have elapsed." (Defs.' Mem. in Supp. of Mot. to Dismiss [4-1] at 21). The Court agrees.

All civil actions relating to TILA violations must be brought within one year of the date of the alleged violation's occurrence. 15 U.S.C. § 1640. Additionally, a party seeking rescission under TILA must do so within three years of the closing of the loan. 15 U.S.C. § 1635(f). Similarly, violations of the RESPA are subject to either a one or three-year statute of limitations beginning on the date of the alleged violation. 12 U.S.C. § 2614. Here, Plaintiff's claims under the respective statutory provisions relate to the execution of the Security Deed on April 29, 2008. Therefore, even under the most expansive three-year statute of limitations, Plaintiff's statutory claims are untimely because he filed suit on May 22, 2013, more than five years after the cause of action accrued.

10

D.  Quiet Title

Plaintiff also seeks to quiet title. (Compl., Dkt. [1-1] ¶¶ 88-95). O.C.G.A. § 23-3-62 provides the procedural requirements for asserting a quiet title action in Georgia. According to the statute, a complaint seeking to quiet title must include, among other things, a plat of survey of the property. O.C.G.A. § 23-3-62(c). Here, Plaintiff has failed to attach a plat of survey to the Complaint and has therefore failed to satisfy the statutory requirements to quiet title. As such, Plaintiff's Complaint is deficient as a matter of law and must be dismissed. See Simpson v. Countrywide Home Loans, 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, *7-8 (N.D. Ga. Apr. 26, 2010) (dismissing quiet title action for failure to comply with statutory requirements). Consequently, Plaintiff has failed to state any plausible claim against Defendants, and thus Defendants' Motion to Dismiss [4] is **GRANTED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [4] is **GRANTED**.  Also, Plaintiff has not identified any of the John Doe Defendants. Therefore, the John Doe Defendants are **DISMISSED** from this action. The Clerk shall close the case.

11

**SO ORDERED**, this   27th   day of February, 2014.


_____
**RICHARD W. STORY**
United States District Judge